```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

THE A STAR GROUP, INC.

            Plaintiff

       v.                              15 Civ. 4660 (JFK) (AJP)
                                       Conference
NORTHLAND ENERGY TRADING, LLC,
et al.

            Defendants
------------------------------x
                                       New York, N.Y.
                                       May 9, 2016
                                       2:00 p.m.
Before:

                    HON. ANDREW J. PECK

                                       Magistrate Judge

                         APPEARANCES

CONWAY & CONWAY
     Attorneys for Plaintiff
KEVIN P. CONWAY
CHRISTINA SIMPSON


BERNSTEIN SHUR SAWYER & NELSON
     Attorneys for Defendants
GEORGE F. BURNS

-also present-

RICHARD LARKIN
```

1         (In open court; case called).

2         THE COURT: Where are you all in settlement without giving me numbers since we're on the record, but I know you had asked for an extension of things to enable you to talk settlement. So anything I should know? You're each looking at each other as to who's going first.

7         MR. BURNS: Your Honor, I'm George Burns for the defendants. I'm here with Richard Larkin, the president of the two corporate defendants. I will begin by saying the parties have been working very hard.

11        If you don't mind, Mr. Conway, I will describe the last impediment before the Court was the wording of the agreement. It's my understanding that that has been resolved. Please correct me if I'm wrong because there has been a little bit of unconventionality to the way these discussions have happened. There has been a mediator involved Mr. Rory Millson, who sometimes he's in, sometimes he's out, sometimes the principals are discussing together, sometimes the two lawyers discuss things together, so it's a bit of a multitheater presentation, but I do think the big bugaboo last winter was the settlement agreement, and I think that has been resolved. That was resolved rather late in the game relative to today's date. I think it was resolved over the weekend or maybe even just now, you know, over noontime.

25        There have been discussions about the money. That is

perhaps a more sensitive topic.  My general impression is that we are down to an increment of like five or 10,000 with some issues having to do with who as between the plaintiff and early counsel and current counsel is to receive what.  So that is generally -- I think we're very close, and that's been our emphasis and focus, your Honor.  I stand corrected if I misrepresented anything; it was not by design.

   THE COURT:  Mr. Conway.

   MR. CONWAY:  Good afternoon, your Honor.

   For the plaintiff, I would echo everything counsel said.  Just to give you the last part.  As I understand it, we put in a lot of hours over the weekend back and forth with the mediator, parties, everybody else.  My communication with our client stopped on Saturday.  Even though emails continued, my verbal communication stopped.

   As I understand it, the plaintiff has agreed amongst themselves and their counsel and their prior counsel as far as any payments to be made.  And I agree that the settlement language is -- I believe it's been agreed upon and therefore the remaining item, if you will, is the actual amount.  And as I understand it, the clients had direct communication today.  I don't know what the result of that was, so that's the status I'm aware of.

   THE COURT:  All right.  I guess then the question is where hopefully you will finish whatever you need to finish

1    within the next day or two, but where do we need to go with the
2    litigation otherwise?
3            MR. BURNS:  Your Honor, the parties are exchanging a
4    production of documents.  I have received at least one
5    installment from the plaintiff and we are today or early
6    tomorrow sending our production.  Our focus, obviously, has
7    been to try to conserve our gun powder towards settlement, but
8    I think we would have to scramble mightily to meet the
9    now-applicable, for-a-long-time-applicable scheduling order
10   deadlines, but I think this case settles or not in the next
11   couple of days.
12           Don't you, Mr. Conway?
13           MR. CONWAY:  I hope so.
14           MR. BURNS:  I think we are down to things like what's
15   the payment schedule.  Will there be a confession of judgment
16   backing it up?  Yes.  And who among the plaintiffs, who of
17   people are to receive what allocation.  I think it's really
18   down to the short strokes.
19           THE COURT:  OK.  That's good.
20           MR. BURNS:  It's good except it's not done, your
21   Honor.
22           THE COURT:  Well, I do understand that.  On the one
23   hand, I'm tempted to keep your feet to the fire.  On the other
24   hand, if you thought another week or two on the fact deadline
25   but without extending the expert cutoff date would help you,

1   this could be the first time in history I'm making an offer
2   like this to parties, but do you want another week or two on
3   the fact cutoff without extending the expert cutoff?  If you
4   think that will help, as opposed to, you know, by keeping the
5   pressure on, you're going to get it done, I'm willing to give
6   it to you.  What's your thoughts?
7           MR. BURNS:  I think two weeks on that deadline would
8   be very helpful, your Honor.  We have been a little bit behind.
9   I don't want to sound like I'm complaining, but I think it's
10  fair to say -- again, Kevin Conway can correct me if I'm
11  twisting the facts -- but pretty much at every gate where we
12  could advance the sum up all along the way, we did.  And then
13  there was a long period of time -- and I understand perhaps
14  why.  These were intellectual property provisions and had to
15  have multiple counsel look at them.  But what happened was ten
16  or eleven days would go by.  So I would like 14 more days, if I
17  may.
18          MR. CONWAY:  Plaintiffs really have no objection, your
19  Honor.
20          THE COURT:  All right.  June 14 is the new discovery
21  cutoff date for fact discovery.
22          Should I give you another status conference date or
23  ask for a written status report or what is your pleasure?  What
24  will help you the most?
25          MR. CONWAY:  Your Honor, Kevin Conway for the

1  plaintiff.  A status conference with the plaintiff would be
2  fine with plaintiffs present.
3          THE COURT:  Well, there are status conferences which
4  are, you know, 15 minute to half hour blocks.  There are
5  settlement conferences with the parties present that need a
6  different booking schedule; to wit, I usually give the parties
7  two hours to half a day for a traditional settlement
8  conference.
9          If what I am hearing is that a conference where the
10 plaintiff is present, as is Mr. Larkin today, would help you
11 finalize things, I can do that with the caveat that I'm not
12 sure what my calendar availability is in the near future.
13         MR. CONWAY:  Well, then we could try to get this thing
14 done in the next day or so then.  I just thought it's always an
15 encouragement when the plaintiff has to be here.
16         MR. BURNS:  If I may join in that suggestion having --
17 it's finally settled in.  I now understand what he's
18 suggesting.  I think it would be a very good idea, for a large
19 part what I mentioned earlier.  There's been a lot of bilateral
20 but never universal discussion.
21         THE COURT:  I can do it the morning of May 11 or
22 May 12 if you are ready that soon.  Next week is going to be
23 tougher.
24         MR. CONWAY:  May 11 is fine with the plaintiff, your
25 Honor.

|   |   |
|---|---|
| 1 | THE COURT:  The 11th is Wednesday. |
| 2 | MR. BURNS:  Excuse me, your Honor.  Your Honor, when I |
| 3 | mentioned next week, it occurs to us, again, maybe somewhat |
| 4 | slowly, the 11th is two days from now. |
| 5 | THE COURT:  Well, but the point of that was sort of -- |
| 6 | MR. BURNS:  The one-day or two-day thing I said? |
| 7 | THE COURT:  Well, no.  It was that it sounded like |
| 8 | having everybody in the same room would finalize the |
| 9 | settlement.  Otherwise, the reason the two dates I gave you |
| 10 | this week are available is I had a two-day bench trial, and |
| 11 | there is nothing like a trial date to get parties to settle so |
| 12 | those dates are pretty much wide open.  We are really booked |
| 13 | very heavily next week.  I could probably squeeze you in for an |
| 14 | hour on the 17th at 4:30, but I'm not sure I want to stay |
| 15 | extraordinarily late so your two hours becomes an hour at that |
| 16 | point. |
| 17 | MR. BURNS:  We could start early and then use the |
| 18 | Court's time in the one hour the Court is available.  Are you |
| 19 | available on the 17th, Kevin?  That would be a week from |
| 20 | tomorrow. |
| 21 | THE COURT:  Which is a Tuesday. |
| 22 | MR. BURNS:  Want to go with the 12th, three days from |
| 23 | now? |
| 24 | MR. CONWAY:  We have an oral argument in the morning, |
| 25 | but we're open in the afternoon. |

1             THE COURT:  We could do it the 12th at 2:30.
2             MR. BURNS:  Excellent.
3             MR. CONWAY:  That's an order of the Court, right, your
4    Honor, so I don't misstate it to the client?
5             THE COURT:  Yes.  We will even send out a formal
6    order.  What I would like you to send me is a red line or maybe
7    the settlement agreement as final except with the blanks with
8    dollar amounts in it, but whatever you've already done that you
9    get to me in some form by midday on the 11th so I know where
10   you are, and if for some reason you actually resolve everything
11   on your own so that the Court can do a dismissal order or, you
12   know, so-called 30-day dismissal order that the case is
13   dismissed; but if something happens, you can reinstate within
14   30 days, that's fine.  Just let me know that in writing and you
15   don't have to show up.  Otherwise, I'll expect to see you all
16   then and we will get an order out either later today or
17   tomorrow morning confirming settlement conference with parties,
18   etc.
19            MR. CONWAY:  Thank you, your Honor.
20            MR. BURNS:  Thank you, your Honor.
21            THE COURT:  I will require you all to split the cost
22   of the transcript since the reporter has been here and that
23   gets you a 50/50 split.  You're free to move out and make your
24   arrangements with the reporter as you go.
25            (Adjourned)